IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

BEVERLY BRABHAM

Plaintiff

vs.

STATE OF ALABAMA, et.al.    04-T-298-N

Defendants

## 42 USCS 1983 INITIAL COMPLAINT

I, Beverly Brabham, Plaintiff in the above styled case, come before this Honorable Court seeking relief pursuant to the above styled action. It is being filed at this time, and in

conjunction with the pending Habeas Corpus, to prevent being time barred. The fact that Plaintiff's Constitutional Rights were violated places the allegations directly under the jurisdiction of the U. S. Federal Court System.

TITLE 28 PART IV CHAPTER 85 Sec. 1331.

Federal question

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

According to Rule 8(a) of this 42 USCS 1983 proceeding (Federal Rules of Civil Procedure,) "the claims for relief should contain: (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisduction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."

A 28 USCS 2254 Habeas Corpus was filed in this honorable Court on March 20, 2002

while Plaintiff was still 'in custody' from Judge Burt Smithart's order for probation on April 18, 2001. The Exhibits filed in that proceeding apply to this present claim for damages. Preponderance of the the record indicates clear and convincing evidence that Judge Burt Smithart was willfully negligent causing Plaintiff deliberate harm.

I, Beverly Brabham, without the benefit of Counsel, state my claims for relief as follows:

1. My guaranteed rights under the Double Jeopardy clause of the 5th and 14th Amendments have been violated by Defendant Burt Smithart. At a hearing on January 24, 2001, I exercised my unfettered right to refuse probation and return to prison to complete the illegal probation revocation. (transcript available.) This was discussed at length before Judge Smithartart at the hearing. I asked if the Judge would consider one year of probation.

He refused.

Upon my declining three years of probation, I even asked if there were going to be any 'tricks' to my return. The Judge stated that the sentence would again be over, with no probation and no papers. I returned to Tutwiler Prison for 78 more grueling days to end the sentence on April 10, 2001, and to be totally finished with the judicial system in Bullock County, Alabama.

One evening, shortly after my release, Defendant Smithart telephoned my mother at her home and told her to inform me that I would be on probation for one year. This betrayal of trust and breach of the agreement and oral order from the bench, made on January 24, 2001, was severely damaging.

An order for one year probation was written and filed by Judge Burt Smithart on April 18, 2001, eight days after the second expiration of the sentence. I was not present for the probation sentencing, nor was I represented. As Plaintiff, I pray this honorable Court will award compensatory and punitive damages, injunctive and

declaratory relief as well as all further and different relief that the Court deems appropriate

in this cause.

2. Plaintiff's guaranteed rights under the 5th and 14th Amendments have been violated by Defendant Smithart. Smithart continuously showed blatant disregard for due process and judicial duty. At a hearing on a Motion for Emergency Reconsideration of the Sentence on August 27, 1999, Defendant Smithart heard sworn testimony from Judge Tommy Gaither,

who had previously terminated the same case in May 1997. Judge Gaither had written an Affidavit, stating that the case had expired in May 1997. He testified before Judge Smithart that I was not placed on probation, that he ordered that the terms of the suspended sentence had been met. When Judge Gaither discovered that Judge Smithart had lied in his order concerning the hearing, Judge Gaither wrote yet another Affidavit, to further affirm the truth of his testimony and to again reiterate the absolute fact that I was not on probation, nor under the jurisdiction of Bullock County

Circuit court in April 1999. Therefore, a non-existent probation was revoked by Judge Smithart and I was illegal imprisoned for 2 years of my life. The Plaintiff prays this honorable Court will award compensatory and punitive damages, injunctive and declaratory relief as well as all further and different relief that the Court deems appropriate

in this cause.

3. Plaintiff's guaranteed rights under the 5th Amendment have been violated by Defendant

Smithart's abuse of process, and procedural and substantive due process violations.

The color of law actions by Defendant Smithart show his vindictiveness that I have alleged

since I first filed in this honorable Court in November 1999. Any prudent Judge in his position should have known that ordering yet another sentence after the person had

performed their end of the agreement to end the sentence in incarceration, was wrong and a violation of a U.S. Constitutional guaranteed protected right. This egregious action, done under the color of law, should shock the conscience of the court. One of the most anguishing points of the dread of returning to prison was the fact that my parent's 50th Wedding Anniversary was March 3, 2001. The return to end the illegal time in prison meant that I would not be there with 5 other brothers and sisters for this once in a life time event. This was personally devastating. In pictures and in memory, I was their only **offspring absent during this unique event. Punitive compensation is due in this case,** as the harm is irreparable and irreversible.

The harm was potentially reversible at the hearing in August 1999, four months after my illegal imprisonment, when Judge Smithart was plainly told by Judge Gaither that he had indeed revoked a non-existent probation. Judge Smithart deliberately ignored and disregarded Judge Gaither's sworn and documented testimony, however Smithart did state falsehoods in his order concerning Judge Gaither's testimony.

4. Plaintiff's guaranteed rights under the 5th Amendment have been violated severely by Defendant Smithart, District Attorney Boyd Whigham, and by Court Reporter Kelly Mills. I was not given equal protection of the law when:

(a.) Judge Smithart was made aware in August 1999 that he had indeed revoked a probation that did not exist. Judge Smithart, with callous disregard, refused to correct the error. He wrote falsehoods in his order and continued to hold me illegally and wrongfully incarcerated for 2 years. This action is at the very least willful negligence under color of law.

(b.) Boyd Whigham deprived me of equal protection of the law when he refused to prosecute my estranged husband, Terry Jordan, for attempted murder against my person. The scene of the crime was a bloody massacre with eye witnesses present

and overwhelming evidence, yet District Attorney Whigham never presented the case to the Grand Jury. However, he fabricated a Case Action Summary on Computer, stating that the Grand Jury dismissed the case in April 1999. Attorney Paul Brunson of Eufaula, Alabama witnessed Whigham's refusal to present the case to the Grand Jury and was appalled at DA Whigham's actions under the color of law for reporting the falsehood that the case went before the Grand Jury. On June 11, 2002, the Case was brought back up in Bullock County Court. I was not notified, nor was the arresting officer, Durwood Freeman. The case was **nol prossed without regard for my due process rights and due equal protection.** I was totally denied equal protection of the law by D. A. Boyd Whigham. I have thousands of dollars in outstanding Medical Bills for the serious injuries sustained during the attempted murder which was a bloody massacre. There was overwhelming evidence that would not only have received a Grand Jury indictment, but would have shocked their conscience.

D.A. Whigham's deliberate actions were a result of his malevolent vindictiveness toward me, so outrageous that he cannot adequately perform the duties of his capacity due to personal feelings. A prudent person in his capacity should have known that he was wrong, and that is all that is required by law to remove his immunity as well as to remove the immunity of the other Defendant's names herein.

(c.) Kelly Mills, the Court Reporter at the January 24, 2001 hearing, admitted to me that she omitted parts of the transcript, yet she signed the copy sent to this honorable Court as it being a full accurate, and complete transcript. The alteration of the transcript by Court Reporter Mills at the request of the presiding Judge has a conspiratorial component.

The above actions should not be tolerated in this country if our Constitution is to remain intact.

Ms. Mills stated that she only included those parts of the transcript that Judge Smithart told her to include because she "works for him" and she "values her job". When I said, "so the parts you did not include could be considered omitted, right? She became very offended at the word omitted, but stated another way, what she did not include was blatantly omitted. Ironically, those parts omitted were those that were in my favor, for example, my mother's testimony, and her obtaining clearly from the Judge that my return to Tutwiler for the remaining 78 days would completely end everything with that sentence. The Judge stated that it would do just that.

5. I am entitled to punitive and compensatory damages for the 78 days that I was illegally imprisoned by Judge Smithart. I asked for a year at the hearing and it was refused. That is why I am entitled to punitive compensation for those days, if after I returned to complete the time and did so, that I was sentenced to a year anyway. The Judge reneged on his oral order from the bench, literally deceiving me into returning to prison for the remaining 78 days with the understanding that my sentence would be ended, only to place me on probation after serving my sentence to the end.

6. I would like for the scheduling conference to be in a neutral location other than the Defendant's Attorney's office.

7. If mediation does not result in a settlement for the punitive and compensatory claims, then I hereby request a hearing before a jury.

8. The obstruction of justice toward me in Bullock County, Alabama has resulted in the dismissal of the attempted murder charge against my ex-spouse. Judge Burt Smithart has literally sentenced me twice on the same case which expired in May 1997, as the record clearly shows. The actions of the Bullock County judicial system are so egregious that a transcript was altered by the Judge and the Court Reporter to remove those parts that were in my favor. It is horrific to be on this wrong side of justice when what I was accused of never occured in the first place - a false lie was conspired because I was willing to try to expose the illegal drug business in Bullock County. I was literally made

a political prisoner because of the attempt to stop a king pin, thus drastically reducing drug availability.

The Plaintiff trusts that this honorable Court will uphold federal law by ruling in my favor. There is no provision for relief from this injustice in the Alabama courts. Right or wrong, no Alabama judge is going to rule favorably on these matters when one of the Defendants is an Alabama judge. Our system seems to have has lost such integrity when it comes to the interest of justice. Relief from these major Constitutional Right violations and deprivations can only come from the Federal Courts, the guardians of our Constitution.

                              Respectfully Submitted,

                              *Beverly Brabham*

                              Beverly Brabham

Supporting documents for the above complaints are available upon request from the Court.

## CERTIFICATE OF SERVICE

I, Beverly Brabham, hereby certify that on March 26, 2004 I did serve a true copy of the foregoing on the attorney for the Defendants, by placing the same in the United States mail, first class postage prepaid, and addressed as follows:

ALABAMA ATTORNEY GENERAL
ALABAMA STATE HOUSE
11 SOUTH UNION STREET
MONTGOMERY, ALABAMA 36130


_____
BEVERLY BRABHAM


Beverly Brabham
203 Chunnenuggee Avenue
Union Springs, Alabama 36089